José Arroyo Rivera, recurrente, *v.* Comisión Industrial de Puerto Rico, recurrida.

Núm. 171.—*Sometido:* Mayo 1, 1939. *Resuelto:* Mayo 3, 1939.

*Edelmiro Soldevila,* abogado del recurrente; la recurrida no compareció.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

El 10 de noviembre de 1936 murió el obrero Juan Rodríguez Adorno a consecuencia de un accidente que el Administrador del Fondo del Seguro del Estado consideró no compensable.

Llevado el caso a la Comisión Industrial por los beneficiarios Ramona Díaz y José Arroyo, dicho organismo declaró compensable el accidente y devuelto al Administrador éste fijó la compensación en $1,292.50 para ser distribuída en un sesenta por ciento a Ramona Díaz y en un cuarenta a José Arroyo.

No conforme Arroyo con el montante de la indemnización ni con la distribución de la misma, volvió a recurrir para ante la comisión. En marzo 31, 1939, pendiente de verse el recurso, los beneficiarios suscribieron una estipulación en el sentido de que el Administrador pagara inmediatamente a cada uno el cuarenta por ciento de la suma fijada, quedando pendiente el recurso en cuanto al montante definitivo y a la distribución del resto de lo no satisfecho.

Aprobó la estipulación la comisión y al notificarle su resolución, el Administrador le pidió que la reconsiderara entre otros motivos por los que siguen:

"De dejarse en vigor la referida orden, se obligaría al Administrador del Fondo del Seguro del Estado a hacer un ajuste en las cuentas correspondientes a este caso con la perspectiva segura de tener que hacer un nuevo ajuste en fecha cercana, duplicándose de este modo el expediente administrativo. Por otro lado, a nuestro modo de ver, se sienta un precedente que, de seguirse en lo futuro, fomentaría la litigiosidad y recargaría de trabajo innecesariamente a esta Administración."

Y la comisión dijo y resolvió en abril 13 último:

"Nos damos perfecta cuenta de las razones que aduce el Administrador para solicitar que se le releve de la obligación de cumplir nuestra orden y claro está, si nuestra resolución en este caso ha de sentar un precedente que pudiera ocasionar trabajos innecesarios a la

Administración del Fondo del Seguro del Estado, consideramos que procede dejar sin efecto nuestra orden de abril 3, 1939, e instruímos al Secretario de este Organismo para que dé cumplimiento a la resolución de la Comisión Industrial de marzo 10, 1939, citando a las partes para ser oídas en relación con la cuestión que está planteada ante la Comisión Industrial, referente a la distribución que debe hacerse entre los beneficiarios de la compensación otorgada por el Administrador.''

Pide ahora Arroyo a esta corte que intervenga en el asunto y revise la orden de la comisión de trece de abril, acogiéndose a la Ley núm. 45 de 1935 (Leyes de 1935 (1) pág. 251).

Esa ley en efecto otorga a cualquier parte interesada el derecho a acudir a esta corte en solicitud de revisión pero por su artículo 11 dispone ''que dicha revisión solamente podrá concederse sobre cuestiones de derecho.''

Aparte de tratarse aquí de una resolución interlocutoria, hallándose el caso llevado a la comisión en trámites de resolverse, creemos que tanto la orden de la comisión aprobando la estipulación como aquella por virtud de la cual reconsideró su resolución fueron dictadas discrecionalmente, en ayuda de los intereses de los beneficiarios la primera, después de considerar todos los intereses envueltos la segunda, y sería necesario que se demostrara un abuso de discreción para que surgiera una cuestión de derecho a ser revisada de acuerdo con el estatuto.

*Examinadas las circunstancias concurrentes no creemos que tal abuso exista, debiendo en su consecuencia declararse no haber lugar a la revisión solicitada.*